### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NATIONAL AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. CIV-04-1195-HE |
| INNOVATIVE PBX SERVICES, INC. ET AL., | ) ) ) | |
| Defendants. | ) ) | |

### ORDER

Before the Court is defendants' second motion to dismiss and alternative motion for partial summary judgment. [Doc. # 52]. In their motion, defendants challenge plaintiff's claim for breach of the parties' written settlement agreement and any tort claims asserted by plaintiff in its amended complaint. Plaintiff has responded in opposition to the motion. Upon review, the Court concludes defendants' motion should be denied.

In this action, plaintiff seeks to recover money allegedly owed to it as surety on certain bonds issued for the benefit of defendants. In December of 2002, plaintiff agreed to settle its claims against the defendants for the sum of $375,000. As part of the agreement, plaintiff reserved its right to pursue its underlying claims against the defendants in the event of a breach.

In its amended complaint, plaintiff raises not only its underlying claims against the defendants, but also an alternative claim for breach of the settlement agreement. In their motion, defendants assert that plaintiff cannot pursue both theories and moves the Court to

either dismiss plaintiff's claim for breach of the settlement agreement or require the plaintiff to make an election between such claims.

Both parties concur that the settlement agreement was in the nature of an executory accord which did not operate to extinguish plaintiff's underlying claims against the defendants. Given that these claims are still viable, defendants assert that Oklahoma law requires plaintiff to sue only on those claims rather than the settlement agreement. The authority cited by defendants does not support such a position.[1] Oklahoma law allows plaintiff to plead alternative theories from the outset of the case through trial.[2] See Rogers v. Meiser, 68 P.3d 967, 970 n.5 (Okla. 2003) ("Today, while inconsistent judgments or double recovery are not permissible, inconsistent theories and remedies may be asserted at the pleading stage and, in fact, relied on throughout trial."). More importantly, this case is governed by Fed. R. Civ. P. 8(e)(2) which specifically allows a party to "state as many separate claims or defenses as the party has regardless of consistency . . . ." See Allstate Ins. Co. v. James, 779 F.2d 1536, 1541 (11th Cir. 1986) ("A party may plead alternative and inconsistent facts and remedies against several parties without being barred by the election

---

[1] *In Zenith Drilling Corp. v. InterNorth, Inc., 869 F.2d 560 (Okla. 1989), cited by defendants, the plaintiff sued on the underlying contracts not on the "Letter Agreement" between the parties. As a result, the Zenith court did not address an election of remedies issue in its opinion.*

[2] *The parties have submitted neither facts nor arguments regarding whether this case will ultimately be governed by the substantive laws of Oklahoma or Texas. For present purposes, the Court need not resolve this issue. However, the Court notes that Texas law is in accord with Oklahoma law on the issue of election of remedies. See Foley v. Parlier, 68 S.W.3d 870, 882 (Tex. App. 2002) ("A party is entitled to sue and seek damages on alternative theories but is not entitled to recover on both theories . . . .").*

of remedies doctrine."). Cf. C. F. Braun & Co. v. Oklahoma Gas & Elec. Co., 603 F.2d 132, 133 n.1 (10th Cir. 1979) ("The propriety of summary judgment in federal diversity cases must be evaluated in light of the Federal Rules of Civil Procedure rather than state procedural law, but with reference to the state's substantive law."). Thus, plaintiff is not required, at this stage of the proceedings, to abandon either its claim for breach of the settlement agreement or its underlying claims against defendants. Accordingly, defendants' motion on this issue is **DENIED**.

Defendants also move in this action to dismiss any tort claims filed by plaintiff in its amended complaint. The Court previously granted judgment in favor of defendants on plaintiff's claims for fraud, conversion and civil conspiracy. See Order, March 11, 2005. The Court then allowed plaintiff to amend its complaint to add certain contractual claims. See Order, July 27, 2005. Although noting that plaintiff has premised its additional claims "on an alleged breach of contract," defendants move for judgment on such claims to the extent that any tort claim is urged. In response, plaintiff states that it is not attempting to assert any new tort claims in its amended complaint. Based on plaintiff's statement, as well as a review of the amended complaint in light of applicable law,[3] the Court concludes defendants' motion should be **DENIED** as moot.

Based on the foregoing, defendants' second motion to dismiss and alternative motion

---

[3] *See Sholer v. Okla. Dep't of Pub. Safety, 945 P.2d 469, 475 (Okla. 1997) (noting that an action for "money had and received" arises under contract).*

3

for partial summary judgment is **DENIED**.

    **IT IS SO ORDERED**.

Dated this 21st day of November, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE